EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* GLORIA ESTHER RIVERA SANTIAGO, acusada y apelante.

*Número:* CR-67-173        *Resuelto:* 14 de diciembre de 1967

*Rafael G. Vidal Roig,* abogado de la apelante; *J. B. Fernández Badillo, Procurador General,* y *Lolita Miranda, Procuradora General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El fiscal formuló acusación contra Gloria Esther Rivera Santiago y Sonia Ivette González Santiago por el delito de Hurto Mayor, imputándoles que allá en o por el día 8 de marzo de 1966 en la Barriada Río Plantation de Bayamón, Puerto Rico, actuando de común acuerdo, sustra-

---

jeron del pantalón del señor José Ortiz López la suma de
$1,940.00 en moneda de los Estados Unidos de América, pri-
vándole de dicho dinero permanentemente.

El día 3 de noviembre de 1966 se celebró la vista del caso,
por Tribunal de Derecho, luego que las acusadas renunciaron
voluntaria, inteligente y personalmente a su derecho a juicio
por jurado. Desfilada la prueba de cargo y de defensa el
tribunal de instancia absolvió a la co-acusada, Sonia Ivette
González Santiago y declaró culpable del delito imputado a
Gloria Esther Rivera Santiago. Fue sentenciada a cumplir
de uno a cuatro años de presidio con trabajos forzados.

No conforme con la sentencia dictada, la acusada apeló
para ante este Tribunal imputándole al tribunal sentenciador
la comisión del siguiente error:

"El Tribunal Sentenciador cometió error manifiesto en la
apreciación de la prueba al declarar culpable a la apelante
cuando la misma no estableció la culpabilidad y la comisión del
delito más allá de toda duda razonable."

■ La prueba de cargo estableció que el 8 de marzo de
1966, el Sr. José Ortiz López fue a Río Plantation, Hato
Tejas, Bayamón, con la idea de comprar un solar y a tales
fines llevaba $1,950.00 en efectivo. Entró al Colmado La
Maravilla a tomarse un jugo. Detrás del negocio habían
unas muchachas y habló con una llamada Sonia Ivette Gon-
zález conviniendo en estar juntos. Fueron a una casa allí
localizada y él le dio $10.00 a una señora paralítica que allí
había por la muchacha y el cuarto.

Sonia Ivette habló unos minutos con otra muchacha lla-
mada Gloria Esther Rivera Santiago. Ortiz López entró con
Sonia Ivette a un cuarto oscuro donde sostuvieron relaciones.
Al terminar notó una claridad y vió por la ventana que Gloria
Esther cogía los pantalones. Salió afuera y encontró la car-
tera vacía debajo de la ventana. Se fue detrás de la muchacha
y la encontró hablando con Manolín, administrador del bar.
Ortiz López le dijo a Manolín que Gloria le había robado

$1,940.00 pero éste dijo que no sabía nada de eso y se fue en su carro.

El otro testigo de cargo Fundador Acosta Ruiz declaró que el día 8 de marzo de 1966 fue al Barrio Hato Tejas a buscar un señor para comprarle una grama. Entró a un negocio que está al lado del Bar La Maravilla a comprar cigarrillos y a tomarse un refresco. A los pocos minutos entró Gloria Esther Rivera y le entregó un paquete de dinero a Manolín. Que el perjudicado salió y le dijo a Manolín que Gloria Esther le había llevado $1,940.00 pero él le contestó que no quería saber nada y se fue en el carro.

En el análisis de la prueba que hizo el juez sentenciador concluyó que la culpabilidad de la acusada quedó claramente establecida. No le mereció ningún crédito la declaración de la señora Rosa Castro Carrasquillo por considerar que era una versión de última hora.

Examinado cuidadosamente el récord taquigráfico entendemos que el juez sentenciador no erró al apreciar la prueba como lo hizo. El testimonio de la señora Castro Carrasquillo —única testigo presentada por la defensa para dar su versión sobre los hechos—contradice en aspectos sustanciales la versión ofrecida por ella ante el fiscal el día de la comisión del delito.

■ Como se dijera en *Pueblo* v. *Martínez Mila*, Sentencia de 16 de junio de 1966:

"No es éste un caso en que el juzgador apreció erróneamente la prueba, o ha descartado injustificadamente elementos probatorios importantes o haya fundado su criterio únicamente en testimonio de escaso valor, o inherentemente improbables o increíbles. *Cf. Pueblo* v. *Luciano Arroyo*, 83 D.P.R. 573; *Pueblo* v. *Raúl Serrano Nieves*, resuelto en 31 de enero de 1966."

"Nada hay en el récord que justifique nuestra intervención en apelación con la apreciación que de la prueba hizo el juez sentenciador." *Rodríguez Muñoz* v. *Jefe Penitenciaría*, 94 D.P.R. 201 (1967), y casos allí citados.

*Se confirmará la sentencia apelada.*

El Juez Asociado Señor Belaval no intervino.