EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAFAEL MILLS, acusado y apelante.

*Número:* CR-68-20    *Resuelto:* 23 de octubre de 1968

*Benigno Pacheco Tizol* y *Manuel Medina Adorno,* abogados del apelante; *Rafael A. Rivera Cruz, Procurador General,* y *Peter Ortiz, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El apelante fue acusado y convicto por tribunal de derecho, luego de renunciar a juicio por jurado, previa las advertencias de rigor, por una infracción al Art. 29 de la Ley Núm. 48 de 18 de junio de 1959—Ley de Narcóticos de Puerto Rico (24 L.P.R.A. sec. 974z(3))—porque

". . . allá en o para el 3 de septiembre de 1966 y en Santurce, Puerto Rico . . . ilegal, voluntaria, criminal y maliciosamente tenía en su posesión y dominio la droga narcótica conocida como marihuana." Le fue impuesta una condena de siete a doce años de presidio con trabajos forzados.

No conforme, apunta en apelación que el tribunal de instancia incidió (1) al no resolver que la testigo de cargo Cristina Martínez era un cómplice cuyo testimonio requería corroboración; (2) al concluir que el apelante incurrió en tantas contradicciones, vacilaciones y evasivas como dicha testigo; que no le dio crédito a la declaración del químico de la policía y le dio crédito a la de la policía en lo que ello perjudicaba al acusado pero no en lo que le beneficiaba; que no tomó en consideración la admisión de la testigo Cristina Martínez de que ésta había tenido los cigarrillos por cuatro días; al admitir como evidencia los cigarrillos sin haber sido identificados; (3) que el juez apreció la prueba con pasión, prejuicio y parcialidad; y que (4) la sentencia es excesiva. [1]

La testigo Cristina Martínez declaró en síntesis que el 3 de septiembre de 1966 trabajaba para Budget Rent a Car en el sector del Condado; ese día conoció al acusado cuando éste conversaba con dos amigas de la testigo. El apelante invitó a las jóvenes a pasear por San Juan. La testigo no estaba inclinada a aceptar la invitación porque no conocía al apelante, pero decidió aceptar para acompañar a sus amigas. El grupo salió con destino a San Juan pero fueron al apartamiento donde residía el apelante, en T. Llamas Apartments, en Miramar, para que éste se cambiara de ropa. Al llegar, el apartamiento tenía las ventanas abiertas y el apelante las cerró, sacó un cenicero plástico, le echó algo y le prendió fuego, lo que produjo una llama azul y un fuerte olor a perfume. El apelante entró a otro cuarto y salió con

---

[1] En su extenso alegato, el apelante apunta la comisión de diez errores, de la *a* a la *j* pero éstos se reducen a los señalados arriba.

una bolsa color marrón. De la bolsa sacó unos cigarrillos finitos, prendió uno y le dijo a los allí presentes que les iba a enseñar a fumar marihuana. Les explicó el procedimiento y fue pasando el cigarrillo a sus acompañantes. La testigo no fumó. Al cabo de algún tiempo, la testigo decidió irse de allí, entonces el apelante puso unos cigarrillos en un sobre más pequeño y se los dio a la testigo para que se los llevara diciéndole que le iba a gustar. Ella los cogió y los puso en su cartera. Al otro día le contó lo sucedido a su jefe y éste le recomendó que avisara a la policía pero ella decidió esperar a que sus amigas se fueran de Puerto Rico para evitarles problemas. El 6 de septiembre de 1966, luego que sus amigas se habían ido para Nueva York la testigo avisó a la policía y al presentarse a su oficina el policía Ricardo Ayuso le entregó los cigarrillos junto con el sobre.

El fiscal le presentó a la testigo un sobrecito conteniendo dos cigarrillos y ella los identificó asegurando que eran los mismos que el acusado les entregó a ella y ella les entregó al policía.

Sometida a fuerte contrainterrogatorio declaró que luego de sus amigas fumar los cigarrillos, se pusieron muy alegres, como personas que tienen mucho licor en la cabeza, se reían de todo, hasta de cosas insustanciales.

1.—Aduce el apelante en su alegato que como la testigo retuvo los cigarrillos en cuestión en su poder por espacio de tres o cuatro días, violó la ley y podía ser enjuiciada por el mismo delito que el apelante, siendo por lo tanto cómplice en dicho delito, por lo que su testimonio necesitaba ser corroborado.

No tiene razón. Es cómplice aquel que *a sabiendas o voluntariamente, de su libre albedrío e intencionalmente,* participa en alguna forma en la comisión de un delito, pudiendo, en su consecuencia, procesársele por el mismo. *Pueblo* v. *De Jesús,* 73 D.P.R. 752 (1952) ; *Pueblo* v. *Rosado,* 72 D.P.R. 827 (1951). En el presente caso la testigo Cris-

tina Martínez no sabía a qué iba a ese apartamiento; sencillamente surgió el incidente de los cigarrillos por iniciativa del propio apelante. Éste admite en su declaración que la testigo no hizo uso del cigarrillo que él le ofreció. Ella se fue y guardó los cigarrillos por tres o cuatro días no con el propósito de compartir la intención criminal del apelante, sino para evitarles problemas a sus amigas. No aparece de los autos que la testigo Cristina Martínez interviniera con intención criminal en la realización del delito. Su conducta no fue la que hubiera seguido un buen ciudadano, pero el hecho de que estuviera enterada de que se había cometido un delito y no diera cuenta de ello sino hasta tres o cuatro días después, no resulta por sí solo en que la testigo se constituyese en un cómplice. *Pueblo* v. *Vázquez*, 20 D.P.R. 361, 375 (1914).

Los apuntamientos 2–3 van dirigidos a impugnar la apreciación que de la prueba hizo el juez sentenciador. Son frívolos. Veamos.

El apelante declaró en síntesis que reside en Nueva York; que vino a Puerto Rico a buscar un acta de nacimiento; que conoció a las amigas de Cristina y a ésta mientras estaban aquí; que el día 3 de septiembre de 1966 se encontraron cinco personas que se conocieron a la misma vez; quedaron de ir a su apartamiento para él cambiarse de ropa; que al llegar allí las amigas de Cristina sacaron dos cigarrillos. Él les preguntó que de dónde los sacaron, contestándole ellas que se los habían conseguido un muchacho; que mientras él se cambiaba de ropa las amigas de Cristina se pusieron a fumar; que él cogió un cenicero le echó perfume y lo prendió para que se fuera el mal olor del apartamiento para evitar que la señora de la limpieza se diera cuenta que allí se había fumado marihuana. Luego se fueron a San Juan. La señorita Martínez también iba con ellos. Más tarde llevaron a la señorita Martínez a su casa porque era tarde y ésta tenía que trabajar al día siguiente; que él no le ofreció

cigarrillo de marihuana a nadie porque no ha poseído marihuana en ningún momento; que no es adicto; al otro día salió con Cynthia (amiga de Cristina) a Luquillo; que él sabía que ellas tenían dos cigarrillos pero no sabe de dónde los sacaron; sabe que las amigas de Cristina tenían, pero que ésta no tenía; él no fumó marihuana ni Cristina tampoco.

El químico Albert Vázquez Lugo declaró que conoce al policía Ricardo Ayuso; que para el 6 de septiembre de 1966 éste le trajo dos cigarrillos de aparente marihuana en un sobrecito marrón; que les hizo los análisis para la determinación de marihuana; que hizo un estudio microscópico de la picadura y se determinó la presencia de los cistolitos característicos de la marihuana; la presencia de un carbonato en la base de estos cistolitos es indicativo de la hoja de marihuana; luego hizo la prueba de Duquenois que es específica para la resina de tetrahidro canabinol; que se prepara una extracción de las hojas y se le echa el reactivo y da un color lila característico que indica la presencia de tetrahidro canabinol. El tetrahidro canabinol es el componente activo de la marihuana; que la picadura de ambos cigarrillos contenía marihuana. En contrainterrogatorio declaró que no sabe la cuantía en hojas y que no sabía si la materia estupefaciente de esas hojas sería suficiente para cambiar o aturdir a una persona que lo usara.

El policía Ricardo Ayuso declaró que el día 6 de septiembre, por medio del radio del carro de patrulla le indicaron que fuera a Budget Rent a Car; fue a tal sitio y la testigo le entregó dos cigarrillos, supuestamente de marihuana, en un sobre verde amarillo. Le dijo a él que había estado el 3 de septiembre con un tal Ralph Mills; que tenía en su poder los cigarrillos desde el día de los hechos. El tomó el sobre y se trasladó al Cuartel General de la Policía y se los entregó al químico Albert Vázquez mostrándole los dos cigarrillos, inició los cigarrillos y entonces el químico procedió a hacer

el examen. Luego citó a la Srta. Martínez para llevar el caso al juez.

■ Es cierto que hay un conflicto entre lo declarado por la testigo Martínez y lo declarado por el apelante. Sin embargo, el juez de instancia dirimió el conflicto en forma adversa al apelante. Nada hay que justifique que alteremos dicha apreciación. *Pueblo* v. *Rivera Santiago*, 95 D.P.R. 584 (1967).

Es cierto que el químico Albert Vázquez declaró que no sabía si la materia estupefaciente de las hojas de los cigarrillos sería suficiente para cambiar o aturdir a una persona que la usara. A base de ese testimonio el apelante aduce que fue error del tribunal no darle crédito a ese testimonio. No tiene razón. Existe prueba en autos que una vez que las dos amigas de la testigo Martínez fumaron de estos cigarrillos, ellas que habían mantenido una conducta normal y razonable antes de fumar dichos cigarrillos, al fumarlos se pusieron muy alegres, muy contentas, y se reían por cosas que no movían a risa, por cosas insustanciales. Por otro lado, el químico encontró en su análisis que los cigarrillos contenían marihuana, aunque no pudo decir en qué cantidad.

El apuntamiento de que el policía Ayuso declaró que el sobre era verde-amarillo mientras que la testigo y el químico dijeron que era marrón, es inmeritorio. La testigo Martínez declaró que el apelante sacó unos cigarrillos de un sobre grande color marrón y luego al ella irse le dio dos cigarrillos y los puso en un sobre más pequeño. Es éste el sobre que el policía dice que es verde-amarillo. Como se ve, se trataba de dos sobres. Lo cierto es que el color es inmaterial si el sobre pequeño fue, como lo fue, debidamente identificado en el juicio.

■ Hemos leído y estudiado con gran cuidado la transcripción de evidencia y no estamos de acuerdo en que el juez de instancia haya actuado con pasión, prejuicio y parcialidad. El hecho que el juez de instancia inquiriese si una tarjeta

que llevaba el apelante al testificar era de él no tiene el alcance que pretende darle el apelante. El propio fiscal explicó que se trataba de una licencia que pertenecía al testigo y que éste la había entregado al fiscal cuando éste le preguntó si tenía licencia o no.

■ (4) Este apuntamiento no tiene méritos. El juez sentenciador le impuso al apelante una condena de 7 a 12 años de presidio. El Art. 33 de la Ley Núm. 48 de 18 de junio de 1959 (24 L.P.R.A. sec. 974dd) dispone que "toda persona que viole cualesquiera de las secs. 974z a 974cc . . . será culpable de un delito grave y convicta que fuere será sentenciada a una pena mínima de reclusión de cinco (5) años y máxima de veinte (20) años . . . ." Como vemos la pena impuesta está dentro de los límites señalados por la ley.

*Se confirmará la sentencia impuesta por el Tribunal Superior, Sala de San Juan, en este caso, en 27 de marzo de 1967.*

