EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* WILFREDO CRUZ NEGRÓN, LUCAS CRUZ LABOY, LUIS RAMÓN ORTIZ RODRÍGUEZ, acusados y apelantes.

*Número:* CR-76-3      *Resuelto:* 28 de mayo de 1976

882

*Juan E. Pérez Reilly,* abogado de los apelantes; *Miriam Naveira de Rodón, Procuradora General,* y *Ronaldo Rodríguez Ossorio,* abogados de El Pueblo.

PER CURIAM: Se acusó a Wilfredo Cruz Negrón de acometimiento y agresión simple (33 L.P.R.A. sec. 821), hurto mayor (33 L.P.R.A. sec. 1683), y de violar los Arts. 6, 8 y 32 de la Ley de Armas (25 L.P.R.A. secs. 416, 418 y 442). A Lucas Cruz Laboy y Luis Ramón Ortiz Rodríguez se les acusó por acometimiento y agresión simple. Se consolidaron las causas y el jurado rindió veredicto de culpabilidad en 1972 en todas ellas, excepto que declaró inocente a Wilfredo Cruz Negrón de la alegada infracción al Art. 8 de la Ley de Armas.

Los coacusados han recurrido en alzada a este Tribunal, imputando que se cometió error en la apreciación de la prueba.

Le corresponde al jurado o, en su defecto, al juez dirimir los conflictos de prueba. *Pueblo* v. *Rodríguez,* 70 D.P.R. 23, 25 (1949); *Pueblo* v. *Rivera Santiago,* 95 D.P.R. 584, 586 (1968). No intervendremos en tales determinaciones en ausencia de pasión, prejuicio o error manifiesto. *Pueblo* v. *Mills,* 96 D.P.R. 637 (1968). En el caso actual la prueba desfilada ampliamente sostiene los veredictos emitidos en cada cargo.

El Ministerio Público descansó en el testimonio del propio perjudicado y de un testigo presencial. Conforme a esta prueba, los coacusados se hallaban en una cantina ingiriendo licor cuando se personó en el lugar, tarde en la noche, Federico Rodríguez Zayas. Un coacusado, Lucas Cruz, lo invitó a tomar una cerveza y luego lo persuadió a salir a la calle a decirle algo. Allí lo agredieron los coacusados con los puños. Rodríguez Zayas trató de quitarse la camisa y se le cayó de ella una suma de alrededor de seiscientos dólares. El coacusado Cruz Negrón cogió el dinero, sacó un revólver, hizo varios disparos al aire, amenazó con matar a Rodríguez Zayas y a cualquiera que se acercase a éste y huyó en un vehículo.

Otro testigo de cargo, quien presenció lo acaecido, corroboró en sus partes esenciales la declaración de la víctima. Se incurrió en ciertas inconsistencias, relativas, por ejemplo, a la cantidad de dinero hurtada (si $600 ó $610); quién agredió inicialmente a Rodríguez Zayas; y cómo se le cayó a éste el dinero del bolsillo. Las contradicciones habidas son inconsecuentes. No constituyen base para alterar los veredictos. *Pueblo* v. *Orellano Gómez*, 92 D.P.R. 546 (1965). Valga reiterar, además, que cuando un testigo se contradice lo que se pone en juego es su credibilidad. 3-A Wigmore, *On Evidence*, Ed. Rev., 1970, sec. 1017, pág. 993. Es al jurado o al juez de instancia a quien le corresponde resolver el valor de su testimonio restante. Desde hace dos siglos en Inglaterra y desde hace uno en Estados Unidos se descartó la antigua norma de *falsus in uno, falsus in omnibus*, que exigía sin adecuada base ni en la razón o la experiencia, que se repudiase la totalidad del testimonio en estos casos. Wigmore, *op. cit.*, sec. 1008 y ss., pág. 981 y ss. Dicha vieja norma se ha rechazado también por este Tribunal. *Pueblo* v. *Ortiz*, 45 D.P.R. 835, 838–839 (1933); *Pueblo* v. *López Rivera*, 102 D.P.R. 359 (1974).

El apelante Cruz Negrón sostiene también, aunque no lo señala como error separado, que no puede justificarse un ve-

redicto que absuelve al acusado del delito de infringir el Art. 8 de la Ley de Armas (portación ilegal de un arma) y a la vez lo condena de los demás delitos. Se trataba, no obstante, de delitos distintos, con elementos tan diferentes que no existe base aquí para alegación de inconsistencia. La lógica abstracta no constituye, además, molde rígido en que tengan que encajar forzosamente los veredictos. *Pueblo* v. *Medina Ocasio,* 98 D.P.R. 302, 304–305 (1970); *Pueblo* v. *Cortés Calero,* 99 D.P.R. 679, 684 (1971).

■ Un último planteamiento del apelante es que debió disolverse el jurado por el hecho de que en el curso de su insaculación el fiscal le formuló preguntas a un miembro del panel sobre un juicio anterior sin que se estableciese nexo alguno entre dicho proceso y el que se estaba llevando a cabo. El juez denegó la disolución correctamente en este caso. El fiscal tiene pleno derecho, como lo tiene también la defensa, bajo nuestro actual ordenamiento jurídico, a interrogar un jurado para fundamentar una recusación motivada bajo la Regla 121 de las de Procedimiento Criminal, con debida atención a la presunción de inocencia y a los peligros que entrañan preguntas sutilmente encaminadas a influir en el ánimo de los otros jurados. Note, *Voir Dire—Prevention of Prejudicial Questioning,* 50 Minn. L. Rev. 1088 (1966). No se lesionaron en esta instancia los derechos del acusado. No se expresó ni infirió que hubiesen sido acusados en el juicio anterior. El episodio concluyó con la recusación perentoria del jurado, sin que exista base razonable en el récord para concluir que lo sucedido perjudicase al acusado.

*Se confirmarán en consecuencia las sentencias apeladas.*

El Juez Asociado, Señor Rigau, no participó.