PUEBLO DE PUERTO RICO, apelado, *v.* ÁNGEL S. FELICIANO HERNÁNDEZ, acusado y apelante.

*Número:* CR-81-26      *Resuelto:* 21 de octubre de 1982

*Margarita Carrillo*, División de Apelaciones, Sociedad para Asistencia Legal, abogada del apelante; *Miguel Pagán, Procurador General Interino*, y *Américo Serra, Procurador General Auxiliar*, abogados de El Pueblo.

PER CURIAM: El apelante fue acusado por tentativa de violación, dos infracciones del Art. 105 del Código Penal, 33 L.P.R.A. sec. 4067 (actos lascivos e impúdicos), dos infracciones del Art. 131, 33 L.P.R.A. sec. 4172 (restricción de libertad agravada) y una infracción del Art. 4 de la Ley de Armas, 25 L.P.R.A. sec. 414, por hechos ocurridos en la noche del 8 de septiembre de 1980. Desfilada la prueba, el tribunal ordenó la absolución perentoria del acusado en el caso de tentativa de violación. El Jurado lo halló culpable por las infracciones a los Arts. 105 y 131 del Código Penal. El juez llegó a igual conclusión en lo que respecta al Art. 4 de la Ley de Armas.

El Ministerio Público había hecho en esta causa una alegación de habitualidad, fundada en que el acusado había sido convicto y sentenciado anteriormente por el mismo tribunal en otros cuatro casos: G-69-87, violación, sentenciado a cumplir de uno a cinco años de presidio el 23 de mayo de 1969; causa G-69-123, también por el delito de violación, sentenciado a cumplir de uno a cinco años de presidio, el 23 de mayo de 1969; causa G-72-39 por el delito de tentativa de violación técnica, sentenciado el 19 de octubre de 1972 a cumplir de dos a cinco años de presidio; y causa G-72-73 por el delito de violación subsiguiente, sentenciado el 19 de octubre de 1972 a cumplir de tres a siete años de presidio. El tribunal, pasado el juicio, le concedió a la defensa un término para que informase si aceptaba la alegación de condenas previas. La defensa expresó que era al Ministerio Público al que le correspondía la obligación de

presentar prueba sobre las condenas. El tribunal procedió más tarde a tomar conocimiento judicial de las condenas previas alegadas, las que fueron certificadas por Secretaría, y dispuso que el convicto fuera separado permanentemente de la sociedad mediante reclusión perpetua para tratamiento, hasta tanto se logre su readaptación social. El término mínimo de esa reclusión habría de ser doce años naturales.

El apelante alega que no se probó su culpabilidad más allá de toda duda razonable. El señalamiento es inmeritorio. La prueba de cargo fue contundente.

N.M.A.V., niña de 13 años de edad, expresó que, al quedarse sin gasolina el carro en que viajaba con unos familiares, ella y su amiga E.M.V., que caminaban separadas del grupo, aceptaron montarse en el automóvil del acusado, a quien ella conocía. Declaró que el acusado les explicó que iba a buscar a su esposa, dio muchas vueltas y se detuvo frente a una casita. Allí el acusado cometió, por medio de la fuerza y la intimidación, una serie de actos lascivos con ella y su amiga, sin consumar el acto carnal.

El testimonio de N.M.A.V. fue corroborado por E.M.V., niña de catorce años de edad. Ambas testigos narraron detalladamente todo lo ocurrido. Un hermano de N.M.A.V. declaró que vio cuando el acusado recogía en su automóvil a las perjudicadas. La defensa no presentó prueba testifical.

■ La prueba de cargo representa base suficiente para el veredicto rendido. Hubo ciertas incongruencias en el testimonio de las niñas, mas sobre hechos no esenciales. Ello no obliga al Jurado a descartar toda la prueba. *Pueblo* v. *Cruz Negrón*, 104 D.P.R. 881 (1976); *Pueblo* v. *Maysonet Arroyo*, 98 D.P.R. 60 (1969).

El apelante también plantea que erró el tribunal de instancia al sentenciar al acusado por los delitos de restricción de libertad agravada y actos lascivos e impúdicos, en supuesta contravención a las disposiciones del Art. 63 del Código Penal.

■ El Art. 63 del Código Penal, 33 L.P.R.A. sec. 3321, dispone que:

> Salvo lo dispuesto en la sección siguiente, un acto u omisión penable de distintos modos por diferentes disposiciones penales, podrá castigarse con arreglo a cualquiera de dichas disposiciones pero en ningún caso bajo más de una.
>
> La absolución o convicción y sentencia bajo alguna de ellas impedirá todo procedimiento judicial por el mismo acto u omisión, bajo cualquiera de las demás.

La teoría sobre el concurso de delitos se refiere a la imposición de penas múltiples por un mismo acto u omisión. *Pueblo* v. *Meléndez Cartagena*, 106 D.P.R. 338 (1977). Es innecesario determinar en el caso de autos la unicidad o diversidad de los actos delictivos envueltos. Lo que el Art. 63 y *Meléndez Cartagena* proscriben es la imposición de varios castigos por la comisión de un acto u omisión penable de distintos modos por diferentes disposiciones. El Art. 63 no prohíbe la acusación y condena en un mismo juicio por varios delitos que surjan del mismo acto u omisión. *Pueblo* v. *Millán Meléndez*, 110 D.P.R. 171, 177 (1980); *Pueblo* v. *De la Cruz*, 106 D.P.R. 378 (1977). Aquí se impuso una sola pena: la separación permanente de la sociedad mediante reclusión perpetua, hasta que se logre la readaptación social. No se castigó al acusado con arreglo a más de una disposición penal.

El apelante sostiene, además, que se violaron las disposiciones de los Arts. 68 y 69 del Código Penal, 33 L.P.R.A. secs. 3353 y 3354, al declararse delincuente habitual al acusado. Tales disposiciones proveen:

3353. *Examen siquiátrico e informes*

> No podrá imponerse medida de seguridad sin previo examen e informe siquiátrico y/o [*sic*] psicológico de la persona, realizado por siquiatra o sicólogo clínico designado por el Tribunal y un informe social realizado por un Oficial Probatorio.

Dichos informes, con exclusión de sus fuentes informativas que se declaran confidenciales, le [*sic*] serán notificados a las partes.

3354. *Vistas*

Las partes podrán controvertir estos informes, en el cual [*sic*] caso se celebrará vista, a la que deberán ser llamados a declarar los autores de dichos informes a solicitud de parte.

La vigencia de estos artículos se ha pospuesto en repetidas veces. No están hoy en vigor ni lo estaban al momento de sentenciar al acusado apelante (el 14 de abril de 1981). Para el historial legislativo correspondiente, véanse las Leyes Núm. 115 de 22 de julio de 1974 (Art. 284); Núm. 146 de 3 de julio de 1975; Núm. 10 de 1 de diciembre de 1975; Núm. 17 de 21 de julio de 1977; Núm. 76 de 18 de junio de 1979; y la Núm. 8 de 9 de junio de 1981. La Ley Núm. 76 de 18 de junio de 1979 pospuso la vigencia de los Arts. 68 y 69 del Código Penal, entre otros, sin afectar la del Art. 74, referente a la delincuencia habitual, hasta el 22 de julio de 1981. Esta fecha de vigencia se extendió luego al 22 de julio de 1983.

■ El apelante argumenta, no obstante, que estas leyes extensivas de la vigencia de los Arts. 68 y 69 no afectan, por razón de la Sec. 5 de la Ley Núm. 10 de 1 de diciembre de 1975, las medidas referentes a la delincuencia habitual. Esta interpretación es inaceptable. La vigencia de los referidos artículos se pospuso evidentemente por razones análogas a las que discutimos en *Pueblo* v. *Bou Nevárez*, 111 D.P.R. 179 (1981), referente al informe presentencia. Nuestras expresiones en *Bou Nevárez*, supra, se aplican también al ataque constitucional que se insinúa respecto a la posposición de los Arts. 68 y 69 del Código Penal.

■ El apelante también señala que no se cumplió con los requisitos de las Reglas 48, 68 y 128 de Procedimiento

Criminal.(¹) Las Reglas 48 y 128 son inaplicables a este caso, ya que, en las acusaciones, no se hizo referencia alguna a condenas previas. En lo que toca a la Regla 68, ésta determina que, al momento de hacer una alegación o en cualquier ocasión antes de leerse la acusación al Jurado, el acusado *podrá* admitir las condenas anteriores, sin que pueda entonces hacerse saber de ellas al Jurado. En esta causa la alegación sobre delincuencia habitual no pasó nunca a conocimiento del Jurado. El acusado no sufrió perjuicio alguno. Luego del veredicto, el acusado gozó de amplia oportunidad de negar tales condenas. El hecho de que el tribunal que lo sentenció tomase conocimiento judicial de ellas no impidió tampoco al acusado refutarlas. El procedimiento seguido no ofende el debido procedimiento de ley.

Por las razones expuestas, *se confirmará la sentencia apelada.*

---

(¹) Estas reglas disponen:

Regla 48. *Alegación de convicción anterior*

"Una acusación o denuncia no deberá contener alegación alguna de convicciones anteriores del acusado, a menos que una alegación en tal sentido fuere necesaria para imputar la comisión de un delito, o para alegar la condición de reincidente, de subsiguiente o de delincuencia habitual en relación con el acusado."

Regla 68. *Alegaciones*

"El acusado hará alegación de culpable o no culpable. La alegación se formulará verbalmente en sesión pública por el acusado o su abogado. Se anotará en las minutas del tribunal, pero la omisión de anotarla no afectará su validez en la tramitación del proceso.

"Cuando la acusación imputare delito en grado de reincidencia o subsiguiente o delincuencia habitual, el acusado podrá, al momento de hacer alegación, o en cualquier ocasión posterior siempre que fuere antes de leerse la acusación al jurado, admitir la convicción o convicciones anteriores y, en tal caso, no se hará saber al jurado en forma alguna la existencia de dicha convicción o convicciones."

Regla 128. *Juicio; orden de la prueba*

"El secretario leerá la acusación al jurado, informándole las alegaciones hechas por el acusado. Si en la acusación se mencionare alguna convicción anterior confesada por el acusado, el secretario omitirá todo lo relacionado con dicha convicción. . . ."