ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| EL PUEBLO DE PUERTO RICO<br><br>Peticionario<br><br>v.<br><br>EMANUEL DÍAZ FLORES<br><br>Recurrido | KLCE202401374 | *Certiorari*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Número:<br>ISCR202400841 al 843<br><br>Sobre: Art. 404 SC (2) y Art. 412 |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de febrero de 2025.

Comparece el Pueblo de Puerto Rico mediante *Petición de Certiorari* y nos solicita que revisemos el dictamen emitido el 7 de octubre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez ("TPI"). Mediante el referido dictamen, el TPI desestimó las acusaciones presentadas en contra de Emanuel Díaz Flores ("señor Díaz Flores" o "Recurrido"), por violación al derecho a juicio rápido, al amparo de la Regla 64 (n)(3) de Procedimiento Criminal, 34 LPRA Ap. II, R. 64.

Por los fundamentos que expondremos a continuación, se expide el auto de *certiorari* y se *Revoca* el dictamen recurrido.

**I.**

Por hechos acontecidos el 10 de junio de 2024, el 24 de julio de 2024 el Ministerio Público presentó tres (3) acusaciones en contra del señor Díaz Flores, por violación al Artículos 401-A y 412 de la Ley Núm. 4 de 23 de junio de 1971, según enmendada, conocida como la "*Ley de Sustancias Controladas de Puerto Rico*", 24 LPRA secs. 2401 y 2412. La lectura de acusación se celebró el 29 de julio de 2024.

El juicio en su fondo se señaló para el 4 de septiembre de 2024. No obstante, debido a que el descubrimiento de prueba no había culminado,

toda vez que faltaba el Análisis Químico del Instituto de Ciencias Forenses ("ICF"), el foro de instancia recalendarizó la celebración del juicio, para el 30 de septiembre de 2024.

Llegada esa fecha, el Ministerio Público le notificó al TPI que aún no habían culminado el descubrimiento de prueba, ya que aún no estaba disponible el Análisis Químico. Por consiguiente, el señor Díaz Flores solicitó la desestimación de las acusaciones instadas en su contra, al amparo de la Regla 64 (n)(3) de Procedimiento Criminal, *supra.* El Recurrido arguyó que estuvo recluido más de sesenta (60) días desde la presentación de las acusaciones, sin la celebración del juicio en su fondo y, como consecuencia, se le violentó su derecho constitucional a un juicio rápido.

Por su parte, el Ministerio Público expresó que el señor Díaz Flores consintió a la demora ya que, al recalendarizar el juicio, este no se opuso a que se pautara para una fecha que excediera el término de sesenta (60) días. Además, sostuvo que la única evidencia que restaba por obtener era el Análisis Químico pero que, a pesar de las gestiones realizadas para obtenerlo, el ICF no lo había provisto. Asimismo, señaló que la Regla 64 (n)(3) de Procedimiento Criminal, *supra,* requería la celebración de una vista evidenciaria, previo a desestimar las acusaciones.

Ese mismo día, el TPI emitió una *Sentencia de Desestimación al Amparo de la Regla 64 (n)(3) de Procedimiento Criminal,* notificada el 7 de octubre de 2024, en la que concluyó lo siguiente: "*El acusado estuvo detenido en la cárcel por un total de sesenta (60) días con posterioridad a la presentación de la acusación o denuncia sin ser sometido a juicio*".[1] En consecuencia, el foro primario desestimó las acusaciones presentadas en contra del señor Díaz Flores.

Insatisfecho con dicha determinación, el 10 de octubre de 2024, el Ministerio Público instó una solicitud de reconsideración. El 12 de noviembre de 2024, el TPI denegó la reconsideración mediante *Resolución,* notificada el 18 de noviembre de 2024.

---

[1] Véase Apéndice de la Parte Peticionaria a la pág. 18.

Inconforme aún, el 18 de diciembre de 2024, el Ministerio Público acudió ante nos mediante *Petición de Certiorari* y le imputó al foro primario la comisión de los siguientes errores:

> **El Tribunal de Primera Instancia erró [al] no celebrar una vista evidenciaria previo a desestimar las acusaciones contra el señor Díaz Flores, en contravención del claro texto de la Regla 64(n) de Procedimiento Criminal.**

> **El Tribunal de Primera Instancia erró al desestimar las acusaciones contra el recurrido ya que, evaluando los criterios establecidos en la Regla 64(n) de Procedimiento Criminal, existía justa causa para la demora.**

El 6 de febrero de 2025, el señor Díaz Flores presentó su alegato en oposición. Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**-A-**

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *Rivera et als. v. Arcos Dorados,* 2012 DPR 124 (2023); *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC,* 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation,* 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> [e]l recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para analizar el problema.
C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.,* 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al

discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello,* 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

**-B-**

La Constitución de Puerto Rico consagra el derecho de todo acusado a disfrutar de un juicio rápido. Art. II, Sec. 11, Const. ELA [Const. PR], LPRA, Tomo 1. Este derecho responde a las exigencias sociales de enjuiciar con prontitud a quienes son acusados de violentar sus leyes. *Pueblo v. Valdés et al.,* 155 DPR 781, 789 (2001). A su vez, la garantía del derecho a un juicio rápido busca salvaguardar los derechos del acusado al evitar su detención indebida y prolongada antes del juicio, minimizar la ansiedad y preocupación que genera una acusación pública y al reducir las posibilidades de que una demora prolongada afecte su habilidad para defenderse. *Pueblo v. García Vega,* 186 DPR 592, 606 (2012); *Pueblo v. Rivera Santiago,* 95 DPR 584, 570 (1967).

Cónsono con lo anterior, la Regla 64 (n)(3) de Procedimiento Criminal, *supra,* establece que el acusado podrá solicitar la desestimación de la acusación o denuncia cuando "*estuvo detenido en la cárcel por un total de sesenta (60) días con posterioridad a la presentación de la acusación o denuncia sin ser sometido a juicio*". No obstante, no procederá la desestimación cuando exista justa causa para la demora o cuando esta se deba a la solicitud del acusado o a su consentimiento. *Íd.* En otras palabras, **el incumplimiento del plazo por sí solo no constituye automáticamente una violación al derecho a juicio rápido**. (Énfasis suplido). *Pueblo v. Valdés et al., supra,* pág. 793.

De igual manera, la referida regla, *supra,* consigna la necesidad de celebrar una vista evidenciaria previo a desestimar una acusación o renuncia. Particularmente, la Regla 64 (n)(3), *supra,* estipula lo siguiente:

> Se dispone que **el tribunal no podrá desestimar una acusación o denuncia, bajo este inciso**, <u>**sin antes celebrar una vista evidenciaria**</u>. En la vista, las partes podrán presentar prueba y el tribunal considerará los siguientes aspectos:
>
> (1) Duración de la demora;
> (2) Razones para la demora;
> (3) Si la demora fue provocada por el acusado o expresamente consentida por este;
> (4) Si el Ministerio Público demostró la existencia de justa causa para la demora; y
> (5) Los perjuicios que la demora haya podido causar.
>
> **Una vez celebrada la vista, el magistrado consignará <u>por escrito</u> los fundamentos de su determinación**, de forma tal que las partes tengan la oportunidad efectiva y objetiva de evaluar, si así lo solicitan, la reconsideración o revisión de dicha determinación.
>
> (Énfasis suplido)

Una vez el acusado reclama oportunamente una infracción a su derecho a juicio rápido, el Ministerio Público tendrá el peso de demostrar una justa causa para la dilación. *Pueblo v. García Vega*, 186 DPR 592, 612 (2012). El Tribunal Supremo ha indicado que, al adjudicar una solicitud de desestimación, el tribunal deberá sopesar si la demora fue intencional y opresiva. *Pueblo v. Custodio Colón*, 192 DPR 567 (2015).

En cambio, el acusado deberá probar que la demora le ha ocasionado un perjuicio real y sustancial. *Íd*. Además, **tal perjuicio no puede ser en abstracto ni estar apoyado únicamente en un simple cálculo matemático**. (Énfasis suplido). *Pueblo v. Custodio Colón*, *supra*, págs. 583-584.

Las actuaciones dilatorias intencionales, cuyo fin sea entorpecer la defensa del imputado, se examinarán con mayor rigurosidad que aquellas no intencionales provocadas por fuerza mayor, negligencia ordinaria de los funcionarios del Estado o por demoras institucionales. *Pueblo v. García Colón I*, 182 DPR 129, 144 (2011); *Pueblo v. Valdés et al.*, *supra*, pág. 793; E.L.

Chiesa Aponte, *Derecho procesal penal de Puerto Rico y Estados Unidos*, Bogotá, Ed. Forum, 1992, Vol. II, Sec. 12.1, págs. 144–145.

Asimismo, la falta de objeción por el acusado del señalamiento efectuado fuera del término de juicio rápido no constituye una renuncia a tal derecho. *Pueblo v. Arcelay Galán*, 102 DPR 409, 415 (1974). La renuncia al derecho a un juicio rápido tiene que ser hecha de manera expresa. *Pueblo v. Cartagena Fuentes*, 152 DPR 243, 252 (2000).

Finalmente, nuestro más Alto Foro ha expresado que ninguno de los criterios es determinante en la adjudicación del reclamo del acusado, ya que el valor que se le conceda a cada uno de ellos va a depender de las circunstancias que el tribunal tiene ante sí. *Pueblo v. García Colón I, supra*; *Pueblo v. Valdés et al., supra.*

**III.**

Mediante el primer señalamiento de error, el Ministerio Público sostiene que el foro primario incidió al desestimar las acusaciones presentadas en contra del señor Díaz Flores, al amparo de la Regla 64 (n)(3) de Procedimiento Criminal, *supra*, sin celebrar una vista evidenciaria. Le asiste la razón. Veamos.

La Regla 64 (n)(3) de Procedimiento Criminal, *supra*, exige la celebración de una vista evidenciaria como requisito para desestimar una acusación o denuncia. Este requisito no es optativo por parte del tribunal, ya que viene obligado a evaluar la duración y las razones para la demora, quién la provocó, si estuvo justificada y si le ocasionó perjuicios al acusado.

En el caso de autos, el Ministerio Público, oportunamente, solicitó la celebración de una vista evidenciaria. Asimismo, el Ministerio Público peticionó presentar el testimonio de la persona a cargo de realizar el Análisis Químico, con la intención de justificar la demora. Ante ello, el TPI tenía el deber de ordenar la celebración de la vista para que el Peticionario tuviera la oportunidad de presentar prueba al respecto. No obstante, el foro apelado denegó la solicitud del Ministerio Público y desestimó las acusaciones presentadas en contra del señor Díaz Flores, sin la vista evidenciaria exigida

por la regla. Solo después de haberle provisto dicha oportunidad al Ministerio Público, y luego de tomar en consideración los criterios consagrados por la Regla 64 (n)(3) de Procedimiento Criminal, *supra,* es que el foro de instancia estaba facultado para determinar si procedía la desestimación.

Por otra parte, al evaluar el dictamen recurrido, constatamos que el foro *a quo* no fundamentó su determinación, conforme exige el mandato reglamentario. El TPI venía obligado a consignar por escrito los fundamentos de su determinación, basados en los criterios enumerados en la Regla 64 (n)(3) de Procedimiento Criminal, *supra.* No obstante, el foro de instancia se limitó a exponer que "*[e]l acusado estuvo detenido en la cárcel por un total de sesenta (60) días con posterioridad a la presentación de la acusación o denuncia sin ser sometido a juicio*".[2]

Nuestro más Alto Foro ha enfatizado que la desestimación no puede estar basada, únicamente, en un cálculo matemático. *Pueblo v. Custodio Colón, supra.* Para que proceda una desestimación por violación al derecho a juicio rápido, el acusado deberá demostrar un perjuicio real y sustancial. *Íd.* El hecho de que el Recurrido estuvo sumariado mientras esperaba la celebración del juicio no resulta suficiente para desestimar las acusaciones bajo la Regla 64 (n)(3) de Procedimiento Criminal, *supra.*

Examinado el expediente y la grabación de los procedimientos, a la luz del derecho aplicable, determinamos que el foro recurrido no realizó un análisis de los criterios enumerados por la antedicha regla. Así dispuesto, resulta forzoso concluir que el TPI incidió al desestimar las acusaciones presentadas en contra del señor Díaz Flores, sin la celebración de una vista evidenciaria.

Por último, a través del segundo señalamiento de error, el Ministerio Público alega que la desestimación de las acusaciones era improcedente porque medió justa causa para la demora. Ante la falta de celebración una vista evidenciaria, en donde el Ministerio Público lograra demostrar la existencia de una justa causa atribuible a la demora, no estamos en posición

---

[2] *Íd.*

de determinar si la dilación estuvo justificada. Tal determinación le corresponde, en primera instancia, al foro primario.

**IV.**

Por los fundamentos que anteceden, se expide el auto de *certiorari* y se *Revoca* el dictamen recurrido. Se ordena su devolución, para la celebración de la vista evidenciaria correspondiente.

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones