EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PABLO BELTRÁN SANTIAGO, acusado y apelante.

*Número:* CR-68-199      *Resuelto:* 25 de marzo de 1969

*Juan Serrano Pascuali,* abogado del apelante; *J. F. Rodríguez Rivera, Procurador General Interino,* y *Américo Serra, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: Por conducir un vehículo de motor bajo los efectos de bebidas embriagantes, el apelante fue sentenciado a pagar $100.00 de multa y además se le suspendió su licencia de conductor por el término de un año.

Para que revoquemos dicha sentencia sostiene, 1) que la prueba de cargo es insuficiente en vista de que la admisión del acusado era inadmisible en evidencia, y 2) que en el supuesto de que dicha admisión fuese válida en derecho, la misma no fue corroborada.

No tiene razón. Cuando el policía Víctor M. Zayas Ortiz se dirigió en un auto patrulla por la carretera que conduce de Juana Díaz a Ponce observó que un auto se había caído en la cuneta del lado derecho de dicha carretera. Se detuvo y al bajarse para investigar el accidente varias personas allí reunidas le informaron que el conductor del vehículo volcado se encontraba en un negocio cercano hacia donde se dirigió el policía. Al localizar allí al acusado éste le manifestó que él era el que venía conduciendo el vehículo que se había volcado. El policía pudo notar que el acusado expedía olor a alcohol y hablaba incoherentemente. Luego de hacerle las advertencias en relación con el análisis químico de la sangre o de la orina, el acusado se sometió al análisis de la orina. El resultado de dicho análisis fue de 0.38% de alcohol por peso, el equivalente a 0.30% de alcohol por peso en la sangre.

No erró el tribunal de instancia al admitir en evidencia la admisión del acusado al policía de que él era el que venía conduciendo el vehículo que se había volcado. En las circunstancias en que el acusado hizo la admisión eran innecesarias las advertencias contra la autoincriminación. El acusado no se encontraba bajo arresto o bajo la custodia del policía u otra autoridad competente, ni se le interrogaba con

el fin de obtener de él manifestaciones incriminatorias. *Rivera Escuté* v. *Jefe Penitenciaría*, 92 D.P.R. 765 (1965).

■ Aclarando lo que se quiso decir en *Escobedo* v. *Illinois*, 378 U.S. 478, referente a una investigación dirigida contra el acusado, dijo el Tribunal Supremo de Estados Unidos, en *Miranda* v. *Arizona*, 384 U.S. 436, que el ministerio fiscal no podía usar manifestaciones del acusado ya fueran exculpatorias o incriminatorias obtenidas en interrogatorio a un acusado sometido a custodia a menos que se demostrara que se protegieron sus garantías constitucionales contra la autoincriminación y que por interrogatorio bajo custodia se entendía interrogatorio iniciado por los oficiales encargados de hacer cumplir la ley después que una persona era puesta bajo custodia o en alguna otra forma privada de su libertad de acción.

En el presente caso ni siquiera se interrogaba al acusado sobre el delito de conducir un vehículo bajo efecto de bebidas embriagantes que luego se le imputó. Las decisiones de *Escobedo* y *Miranda* no son aplicables a los hechos del presente caso.

■ Independientemente de si el acusado ha puesto a este Tribunal en condiciones de examinar y resolver su segundo planteamiento por no haber elevado la totalidad de la transcripción de la evidencia, del récord surge que la admisión del acusado tuvo alguna corroboración ya que las personas reunidas en el sitio donde se volcó el vehículo informaron al policía que su conductor se encontraba en un negocio cercano donde efectivamente fue localizado el acusado.

*No habiéndose cometido los errores señalados se confirmará la sentencia apelada.*