LA SOCIEDAD LEGAL DE GANANCIALES compuesta por DON ISMAEL PLACA HERNÁNDEZ y su esposa DOÑA EPIFANIA ESTREMERA, demandantes y recurridos, *v.* LA SOCIEDAD LEGAL DE GANANCIALES compuesta por DON MATEO VÁZQUEZ y su esposa DOÑA ANA SANTIAGO, demandados y recurrentes.

*Número:* R-72-112      *Resuelto:* 15 de septiembre de 1975

*Néstor E. Vega Soto, Guillermo Figueroa Prieto, Rafael A. Martínez Pérez, Manuel Reyes Dávila, Waldemar Cima del Valle Malavé, Zoraida Guzmán de Bartolomei, Frances Díaz Medina, Armando Cardona, Ivonne Díaz de Carreras* y *Carlos I. Gorrín Peralta,* abogados de los recurrentes; *Jesús E. Palmer, Guillermo Arbona Lago* y *Augusto Palmer,* abogados de los recurridos.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

Un marido desempleado a punto de perder su casa gravada con dos hipotecas, decidió venderla. Al encontrar comprador compareció ante un notario, le informó que su esposa estaba conforme y se procedió al negocio pagando el comprador una de las hipotecas, asumiendo la otra y entregando el balance del precio al marido con la sola firma de éste. Cuando el notario fue a tomar la firma de la mujer en su residencia

ésta rehusó. La prueba fue contradictoria; la del comprador sostuvo que la mujer dijo estar enterada de la necesidad de la venta, que ratificó su conformidad con la misma y le aseguró al comprador que le firmaría la escritura, pero posponiendo el acto para cuando regresara su marido que la había abandonado. La esposa se sentó en la silla testifical y hasta negó que la casa estuviera en venta.

El juez de instancia dirimió el conflicto en la prueba y resolvió que había mediado el consentimiento de ambos cónyuges al tiempo en que el marido firmó la escritura. La esposa ha recurrido y expedimos el auto por las circunstancias peculiares que habrán de tratarse más adelante en esta opinión.

Hemos de resolver en primer término la objeción de la recurrente a la jurisdicción del tribunal de instancia, fundada en que dirigida la demanda contra la sociedad de gananciales vendedora debió emplazarse al marido aun cuando hubiera ya firmado. Toda vez que la sala de instancia concluyó, con base en la prueba, que la demandada recurrente Ana Santiago había consentido la venta del inmueble ganancial, faltando sólo el requisito formal externo de otorgamiento del título ya cumplido por su marido, la sociedad de gananciales no era parte propia ni necesaria en la acción. Como determinó la sala, ya la sociedad había dado su consentimiento representado por la conformidad y concurrencia de voluntades de ambos cónyuges sobre la venta. Que uno de éstos rehusara o se retractara posteriormente no trae a la sociedad nuevamente al marco de contratación. Lo que restaba para formalizar el contrato no era el consentimiento de la sociedad, sino el acto personal de firma por la esposa recalcitrante. La inclusión del marido vendedor y de la sociedad conyugal como partes fue un acto superfluo y la acción civil debe tenerse como dirigida exclusivamente contra la mujer. Cualquier defecto en la denominación del pleito o en la súplica del remedio, no es óbice para que el tribunal conceda el remedio que proceda de acuerdo con las alegaciones y la prueba. Reglas 70 y 44.3 de

Procedimiento Civil. No existe, por tanto, cuestión jurisdiccional derivada de la falta de emplazar al marido.

▆▆▆ Hemos leído cuidadosamente la transcripción del testimonio en juicio de la esposa recurrente. Carece de la fuerza intrínseca y hasta del ardor con que se reclama su derecho por quien es defraudado. No es la afirmación explícita o al menos ingenua en cuanto a haber rehusado consentimiento a la venta de tal modo que nos mueva a sustituir la apreciación de la prueba por la que hizo la sala de instancia. La función estimativa de la prueba corresponde al juez ante quien se ventiló el pleito y sus determinaciones podrán ser modificadas sólo en casos extremos de error. La revisión no es un segundo juicio al punto en que si el conflicto en la prueba pudiere resolverse en favor o en contra de una parte, la elección del juez de primera instancia en la esfera de credibilidad pueda ser suplantada.

Sería lamentable que el marido vendedor hubiese defraudado la confianza que le otorgó la esposa al consentir la venta sin exigir la previa entrega de su participación, si alguna hubiere, luego de enjugadas las deudas de la sociedad, entre ellas las que motivaron la venta. Sin embargo, la esposa no tiene derecho a rehusar la firma poniendo como condición que los compradores localicen su marido o se conviertan en cobradores de lo que ella alegue ser su parte líquida en el precio.

▆▆ A pesar de la solución dada a este caso en particular, en gran medida dictada por el estado de jurisprudencia hasta ahora, (1) hemos de rechazar la práctica notarial de aceptar la declaración del marido como suficiente testimonio de la conformidad de la esposa para que se vendan o graven inmuebles gananciales. Si bien el vocablo "expreso" utilizado en el Código Civil para calificar dicho consentimiento no implica necesariamente que éste se otorgue por escrito, no hay mejor testimonio que la firma del cónyuge para asegurarse de su

---

(1) *Madera* v. *Metropolitan Const. Corp.*, 95 D.P.R. 637 (1967).

libre consentimiento. Prescindir de la firma y darle curso a la transacción hasta llegar a la entrega del precio sujeta el título a impugnación judicial que es la más indeseable alternativa que confronta al notario. Es la negación del viejo proverbio ético: notaría abierta, juzgado cerrado.

El hecho de que se hayan validado transacciones aplicando el principio de espiritualidad de la contratación, no convierte en buena práctica notarial el otorgamiento de documentos que implican la enajenación o gravamen de bienes gananciales faltando la firma de uno de los cónyuges. Habrá casos en que la prueba no salve al comprador de la pérdida del precio anticipado, ni al vendedor de la cárcel, [2] ni al notario de las tenebrosas consecuencias de su descuido.

Los notarios, que en Puerto Rico son también abogados, deben tener inalterable preocupación por que se cumpla sin contemplaciones el mandato legislativo expresado en el Art. 91 del Código Civil (31 L.P.R.A. sec. 284): los bienes inmuebles de la sociedad conyugal no podrán ser enajenados o gravados bajo pena de nulidad sino mediante el consentimiento expreso de ambos cónyuges; y reiterado en el Art. 1313 (31 L.P.R.A. sec. 3672): el marido no podrá donar, enajenar, ni obligar a título oneroso, los bienes inmuebles de la sociedad de gananciales, sin el consentimiento expreso de la mujer. Toda enajenación o convenio que sobre dichos bienes haga el marido en contravención a esta sección y las demás dispuestas en el Código o en fraude de la mujer, será nulo y no perjudicará a ésta ni a sus herederos.

---

[2] Art. 192 del Código Penal de 1974 (33 L.P.R.A. sec. 4310)
"Será sancionada con pena de reclusión por un término mínimo de un año y máximo de cinco años toda persona casada que con el fin de obtener un beneficio para sí o un tercero y en perjuicio de su cónyuge o de un tercero, fraudulentamente pretenda estar autorizada para vender o hipotecar un bien inmueble, sin el consentimiento del otro cónyuge, siendo éste indispensable para la validez de dicho acto jurídico, y bajo tal pretendida autorización lo vendiere o hipotecare."

■ Hasta que se corrija esta sensible debilidad en la ley que en determinadas circunstancias admite como "expreso" un consentimiento que nunca se dio por escrito, los jueces deberán oír la prueba en tales casos con gran reserva y con la exigencia inexorable destinada a erradicar el discrimen y reivindicar el debido proceso de ley.

*Confirmada.*