EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* EARLINE TORO ASENCIO, acusado y apelante.

*Número:* CR-76-11 *Resuelto:* 17 de mayo de 1976

848

*Jovino Martínez Ramírez*, abogado del apelante; *Miriam Naveira de Rodón, Procuradora General,* y *Josefa Román García, Procuradora General Auxiliar,* abogados de El Pueblo.

PER CURIAM: Se acusó al apelante de herir maliciosamente a un perro (Art. 514 del anterior Código Penal, 33 L.P.R.A. sec. 2064); de portación ilegal de un arma de fuego (Art. 8 de la Ley de Armas, Ley Núm. 17 de 19 de enero de 1951, 25 L.P.R.A. sec. 418); de posesión ilegal de un arma de fuego

(Art. 6 de la Ley de Armas, 25 L.P.R.A. sec. 416) ; y de disparar un arma en un lugar donde podía causar daño, sin excusa legal para ello (Art. 32(a) de la Ley de Armas, 25 L.P.R.A. sec. 442(a)). El jurado lo absolvió de los primeros dos cargos y el juez del último. El juez lo halló culpable, sin embargo, de la posesión ilegal de un arma de fuego y el 13 de abril de 1970 sentenció al acusado a cumplir un año de cárcel. Se le concedió probatoria y fianza en apelación. Alega el apelante, en esencia, que la prueba es insuficiente para condenarlo.

■ Cuando no se ocupa el arma, como sucedió en este caso, la prueba debe ser convincente y clara. *Pueblo* v. *Olivencia*, 93 D.P.R. 845 (1967) ; *Pueblo* v. *Rosario*, 80 D.P.R. 318 (1958) ; *Pueblo* v. *Pacheco*, 78 D.P.R. 24, 29 (1955). Contrario a la alegación del apelante, existe prueba adecuada en el récord para justificar la sentencia. Dos testigos de cargo declararon que el apelante admitió haberle disparado al perro herido cuando éste se encontraba en la finca de su patrono. Véanse los testimonios de Fundador Serrano Rodríguez (T.E. pág. 23 y ss.) y de Reinaldo Rodríguez Ferrer (T.E. pág. 28 y ss.). La defensa presentó dos testigos que negaron que el apelante hubiese hecho admisión alguna, pero esto no despojó al juzgador de su facultad de darles crédito a los referidos testigos de cargo. Este Tribunal no debe intervenir con su apreciación de la prueba en ausencia de error manifiesto, prejuicio o parcialidad. *Pueblo* v. *Garcés*, 78 D.P.R. 102 (1955) ; *Pueblo* v. *Oquendo*, 79 D.P.R. 542 (1956) ; *Sociedad de Gananciales* v. *Sociedad de Gananciales*, 104 D.P.R. 50 (1975).

■ Este no es un caso de prueba confusa, insuficiente para sostener un fallo. Es un caso tan solo de testimonios conflictivos, susceptibles de ser creídos o no. Las admisiones constituyen prueba directa enteramente adecuada para fundamentar una condena. Arts. 366, 371 y 397 del Código de Enjuiciamiento Civil de 1933, Arts. 4, 9 y 35 de la Ley de Evidencia

de 9 de marzo de 1905, 32 L.P.R.A. secs. 1624, 1629 y 1678. *Pueblo* v. *Beltrán Santiago*, 97 D.P.R. 92, 94 (1969) ; *Pueblo* v. *de Jesús Robles*, 92 D.P.R. 345, 364 (1965).

 Una observación al margen. Los honorarios para la transcripción de evidencia en este caso se consignaron el 24 de noviembre de 1970. El récord de la vista, que consta de setenta y siete páginas tan solo, se tardó cinco años y un mes en transcribir. Un sistema que permite estas dilaciones no cumple bien los fines de la justicia. Para la debida protección de la sociedad y de la ciudadanía, y hacer valer en toda su expresión el mandato constitucional de juicio rápido, es indispensable que las causas criminales en toda etapa se tramiten con especial prontitud. Bajo las disposiciones de la Regla 15 (d) de nuestro Reglamento, es discrecional de este Tribunal el autorizar o denegar la transcripción de la prueba oral en apelaciones criminales, facultad que ejercemos tomando en consideración varios factores tales como la naturaleza de los señalamientos y errores planteados, sentencia impuesta y la congestión en las labores de los taquígrafos ante el tribunal de instancia. Como norma general, si la transcripción de la prueba oral conllevare un término irrazonable, y como consecuencia una dilación indebida en la adjudicación de los méritos de la apelación, deberá prescindirse de la transcripción y someterse el caso por exposición narrativa de la prueba conforme la Regla 208 de las de Procedimiento Criminal vigentes; trámite congruente con el lenguaje en ésta consagrado por estar comprendido dentro de su espíritu el que las notas sean susceptibles de transcribirse con razonable celeridad.

*Se confirmará la sentencia apelada.*