# 95 DTA 34

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE CAROLINA Y FAJARDO**

EL PUEBLO DE PUERTO RICO
Apelado

v.

RADAMES NAZARIO DAVILA
Acusado-Apelante

Núm. KLAN-95-00006

San Juan, Puerto Rico, a 23 de marzo de 1995

Panel integrado por su presidenta, la Juez López Vilanova,
la Juez Fiol Matta y el Juez González Román

López Vilanova, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

En el presente caso examinamos los errores invocados por el apelante en la sentencia

dictada por el Tribunal de Distrito hace cuatro (4) años: (1) impedir al abogado del apelante informar oralmente el caso al concluir la prueba y (2) la insuficiencia de la prueba presentada por el fiscal para probar el delito imputado más allá de duda razonable. Revocamos.

## I

Radamés Nazario Dávila fue juzgado el 11 de diciembre de 1990 en el Tribunal de Distrito, Sala de Fajardo, por el delito de Infracción al Artículo 32 de la Ley de Armas (25 L.P.R.A. sec. 442). El Tribunal le sentenció a la pena de tres (3) meses de cárcel. Inmediatamente interpuso recurso de apelación y preparó la correspondiente exposición narrativa a la cual el Tribunal impartió su aprobación, ante el reiterado incumplimiento del ministerio público a las órdenes emitidas por el Tribunal para que se expresase sobre la misma.

De la exposición narrativa surge que al finalizar el testimonio del único testigo presentado por el fiscal, el abogado del apelante presentó una solicitud de absolución perentoria y trató de argumentarla. El Tribunal no se lo permitió, toda vez que, según dijo, *"las mociones de absolución perentorias no se argumentan"*. Finalizada la prueba de defensa y sometido el caso por el ministerio público, la defensa solicitó del Tribunal que le permitiera informar. También se le denegó, puesto que el Tribunal *"había establecido un 'ruling' en este caso y había que seguirlo"* (Exposición Narrativa de la Prueba, pág. 3). De inmediato, el Tribunal de Distrito declaró al apelante culpable. Erró al así resolver.

La Sexta Enmienda de la Constitución de los Estados Unidos y la Sección 11 del Artículo II de la Constitución del Estado Libre Asociado disponen que en todos los procedimientos criminales el acusado disfrutará del derecho a tener asistencia de abogado. Este incluye el derecho a que el abogado pueda hacer un informe final ante el tribunal: *"El Tribunal Supremo de los Estados Unidos ha decidido que impedir a un procesado informar oralmente el caso al concluir la prueba constituye una violación del derecho a asistencia de abogado garantizado por la sexta enmienda de la constitución federal y aplicable a los estados en virtud de la enmienda decimocuarta. Herring v. New York, 422 U.S. 853 (1975). Dicho derecho constitucional, reconocido en Herring, se aplica tanto a juicios celebrados ante jurado como ante tribunal de derecho".* Así lo reconoce nuestro Tribunal Supremo en *Pueblo v. Meléndez Maldonado,* 109 D.P.R. 109, 115 (1979).

El derecho a que el abogado del acusado se dirija al Tribunal en un informe al finalizar el caso no depende de cuán contundente pueda parecerle al tribunal la prueba presentada por el fiscal. En el citado caso de *Herring v. New York, supra,* a la página 2554, el Tribunal Supremo federal se expresa específicamente sobre ésto de la forma siguiente:

*".........the overwhelming weight of authority, in both federal and state courts holds that a* **total denial of the opportunity for final argument in a nonjury criminal trial is a denial of the basic right of the accused to make his defense.**

*"The Constitutional right of a defendant to be heard through counsel necessarily includes his right to have his counsel make a proper argument on the evidence and the applicable law in his favor, **however simple, clear, unimpeached, and conclusive the evidence may seem,** unless he has waived his right to such argument, or unless the argument is not within the issues in the case, and the trial court has no discretion, to deny the accused such right."* (Enfasis nuestro).

Véase además, *YOPPS v. State,* 178 A.2d 879 (1962); *United States v. Sawyer,* 443 F.2d 712 (1971); *United States v. Spears,* 671 F.2d 991 (1982); *Hickey v. State,* 484 So. 2d 1271 (1986).

En lo que respecta al derecho en controversia, nada dice el ministerio público. Su escueta afirmación de que *"el abogado de la parte apelante sí procedió a informar"*, aparece refutada en la exposición narrativa, sobre la cual nunca se expresó.

Las circunstancias bajo las cuales se cometió el error señalado serían suficientes para ordenar un nuevo juicio. Sin embargo, el examen de la prueba presentada revela que, contrario a la contención del fiscal, en este caso no se trata de testimonios conflictivos susceptibles de ser creídos o no. De lo que trata este caso es de la suficiencia de la prueba para sostener un fallo más allá de duda razonable.

La prueba presentada por el fiscal descansó en el testimonio de un testigo, Juan A. Beltrán, de 48 años de edad. Este declaró que *"se encontraba con dos (2) amigos dialogando y que llegaron en un carro, Radamés [el apelante] y la esposa de éste, Damarys. Vio cuando Radamés y Damarys discutían con los muchachos de ellos, luego dieron para atrás y discutieron de nuevo. Cuando ya se iban, la esposa del apelante "cruza y [el apelante] va detrás de ella"*. El testigo se colocó detrás de una verja. Desde allí escuchó que Damarys le dijo a su esposo, [el apelante] *"viejo pen...."*. El testigo declara que entonces el apelante *"sacó un arma negra y pequeña y lo apuntó a él (al testigo que se encuentra detrás de la verja) y lo estuvo apuntando por cinco minutos"*. Los alegados hechos ocurren en horas de la noche y el testigo se encontraba a una distancia de doce pies del apelante. Esta es toda la prueba presentada por el fiscal.

Damarys Sánchez, esposa del apelante, prestó testimonio como testigo de defensa. Declaró que el día de los hechos el testigo Beltrán le trató de agredir con una pala y ella se defendió con un pedazo de manguera; que cuando eso sucedió vino su esposo, [el apelante] y al verlo, el señor Beltrán se marchó. El apelante y ella llamaron a la policía e informaron lo sucedido. Expuso la testigo que no supieron más del asunto hasta que los citaron y que se sorprendió cuando supo que el señor Beltrán había presentado un caso contra su esposo.

## II

El delito imputado al apelante, estatuido en la Ley de Armas de Puerto Rico (25 L.P.R.A. sec. 442), dispone en lo pertinente:

*"Salvo en casos de defensa propia o de actuaciones en el desempeño de sus funciones oficiales será culpable de delito menos grave toda persona que:*

*(a)......*

*(b) Intencionalmente, aunque sin malicia apunte hacia alguna persona con un revólver, pistola o cualquier otra arma de fuego;*

*(c) .......*

*(d)........".*

En aras de no imposibilitar el encauzamiento y eficacia probatoria conviccional cuando no se ocupa un arma de fuego desde principios de siglo la doctrina jurisprudencial ha reconocido que no es menester presentarla en evidencia. *El Pueblo v. Julián,* 18 D.P.R. 940, 943 (1912); *Pueblo v. Nieves,* 35 D.P.R. 53 (1926); *Pueblo v. Cartagena,* 37 D.P.R. 281, 283 (1927); *Pueblo v. Blanco,* 77 D.P.R. 767 (1954); *Pueblo v. De Jesús,* 65 D.P.R. 932 (1946). Tampoco es necesario que el testigo sea *"mecánico, militar, comerciante o experto en armas de fuego"* para conocer e idóneamente declarar lo que otra persona tiene en sus manos. *Pueblo v. Guzmán,* 52 D.P.R. 458, 460 (1937). Este enfoque descansa en la premisa de que en *"su*

*aplicación humana el derecho no existe para exigir y perpetrar cosas imposibles, absurdas, inútiles o innecesarias".* Pueblo v. Andréu González, 105 D.P.R. 315, 321 (1976); *Pueblo v. Acabá Raíces,* 118 D.P.R. 369, 374 (1987).

Sin embargo, también es norma reiterada que cuando no se ocupa o presenta un arma de fuego la prueba debe ser clara y convincente. *Pueblo v. Acabá Raíces, supra,* pág. 375; *Pueblo v. Toro Asencio,* 104 D.P.R. 847, 849 (1976); *Pueblo v. Olivencia,* 93 D.P.R. 845 (1967); *Pueblo v. Rosario,* 80 D.P.R. 318 (1958); *Pueblo v. Santiago,* 80 D.P.R. 310 (1958); *Pueblo v. Oquendo,* 79 D.P.R. 542, 546 (1956); *Pueblo v. Pacheco,* 78 D.P.R. 24, 29 (1955); *Pueblo v. Garcés,* 78 D.P.R. 102, 107 (1955).

La prueba aportada por el ministerio público en el caso que nos ocupa carece de esa claridad. Tampoco nos resulta convincente que, en medio de una discusión familiar el apelante le apuntara con un arma al testigo que se encontraba detrás de una verja y no era partícipe de la alegada discusión. Esta escueta declaración del testigo no es prueba suficiente de un acto que, sin más, no hace sentido. Después de todo, *"en el juzgar, el sentido común tiene un papel preponderante".* ■

La exposición narrativa elevada ante nos carece de otros elementos o circunstancias que, evaluados cuantitativa o cualitativamente puedan a nuestro juicio sostener satisfactoriamente la convicción.

### III

La presunción de inocencia es un principio cardinal de nuestro ordenamiento jurídico penal. En virtud de este principio se impone al Estado el peso de la prueba de demostrar la culpabilidad de todo acusado más allá de duda razonable, Artículo II, Sección 11, Constitución del Estado Libre Asociado de Puerto Rico.

Por otro lado, la Regla 110 de las de Procedimiento Criminal de 1963, en lo pertinente, dispone: *"En todo procedimiento criminal, se presumirá inocente al acusado mientras no se probare lo contrario, y en caso de existir duda razonable acerca de su culpabilidad, se le absolverá".* Es necesario recordar que el acusado no está obligado a presentar prueba en su defensa, ya que el peso de la misma recae en la parte acusadora, *"por lo que una convicción debe basarse en la solidez de esta prueba y no en la debilidad de la prueba de defensa".* *Pueblo en el interés del menor F.S.C.*, **91 J.T.S. 70,** pág. 8847.

El fiscal hace referencia en su informe a la norma de que en ausencia de pasión, prejuicio o error manifiesto, no debemos intervenir con el veredicto de culpabilidad emitido por el juzgador de los hechos. *Pueblo v. Millán,* 110 D.P.R. 171 (1980), *Pueblo v. Rivera,* **88 J.T.S. 69**. Reconocemos que la determinación de culpabilidad que hace el juzgador de los hechos a nivel de instancia debe merecer gran deferencia por parte de los tribunales apelativos, *Pueblo v. Echevarría,* **91 J.T.S. 43,** *Pueblo v. Miranda,* 117 D.P.R. 188 (1986). Sin embargo dicha determinación de culpabilidad no constituye una barrera insalvable. *Pueblo v. Somarriba,* **92 J.T.S. 109.**

El análisis de la prueba presentada en el presente caso nos convence de que no podemos aplicar al mismo la regla de abstención del foro apelativo respecto a la apreciación de la prueba en el tribunal de instancia. Por el contrario, no creemos que el Pueblo probara su caso más allá de duda razonable, por lo que debe dejarse sin efecto el fallo condenatorio.

Se revocará la sentencia y se absolverá al apelante.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

**ESCOLIO 95 DTA 34**

1. *Villanueva v. Hernández Class,* opinión de 25 de junio de 1991, **91 J.T.S. 58,** pág. 8703, opinión concurrente y de conformidad del Juez Negrón García.