TEXTO COMPLETO DE LA RESOLUCION
Comparece ante nos, el apelante, Víctor Colón López, solicitando la revocación de la sentencia dictada el 10 de *556 noviembre de 1999 por el Tribunal de Primera Instancia, Subsección de Distrito de Mayagüez. (Hon. Manuel J. Vera Vera, J). Mediante ésta, se le declaró culpable por infraccián al Artículo 4 de la Ley de Armas, 25 L.P.R.A. see. 414.
Examinados los alegatos de las partes, la exposición narrativa de la prueba, los autos originales y el derecho aplicable, nos encontramos en posición para resolver.
I
Los hechos ocurrieron el día 21 de septiembre de 1999 a eso de las 6:30 p.m. El Sr. Roberto Ramos salió hacia la acera de su casa y vio al acusado-apelante, Víctor Colón López, al lado izquierdo suyo en la misma acera hablando con una señora. El acusado se quitó su camisa y el Sr. Ramos observó que llevaba una cuchilla en su cintura. El acusado envolvió la cuchilla con la camisa. El Sr. Ramos caminó hacia donde estaba el acusado y le dijo que si eso era para él. El Sr. Ramos le dio un puño al acusado y luego se dieron otros cantazos más.
El día de los hechos, 21 de septiembre de 1999, el Agente Edwin Hernández recibió una querella que decía que en la calle San Ignacio 261 aparentaba haber una pelea con una posible arma blanca. Luego de realizar la investigación en el área de los hechos, se dirigió a la residencia del acusado. El agente le hizo las advertencias de ley y procedió a pedirle el cuchillo, el cual el acusado se lo dio voluntariamente. El cuchillo de 5 1/2 pulgadas de hoja, cabo negro y baqueta marrón, fue depositado en el cuarto de evidencia de la policía de Mayagüez. Después de radicada la denuncia, se determinó causa probable para arresto el día 6 de octubre de 1999 por violación al Artículo 4 de la Ley de Armas.
El 10 de noviembre se celebró el juicio en su fondo. Luego de desfilada la pmeba de cargo, el Tribunal encontró culpable al Sr. Víctor Colón López por el delito imputado. El acusado, inconforme con el dictamen del tribunal de instancia, recurre ante el Tribunal de Circuito de Apelaciones presentando su escrito de apelación el día 13 de diciembre de 1999. El acusado-apelante alega que se cometieron los siguientes errores:
“Cometió error el Tribunal Superior de Mayagüez, al resolver que el testimonio del Agente Edwin Hernández era admisible para los propósitos de establecer la descripción del arma y sobre la forma y manera en que se ocupó la misma, luego que declarare inadmisible el arma objeto de controversia por no haber sido descubierta por el Ministerio Público bajo la Regla 95 de Procedimiento Criminal.

Cometió error el Tribunal Superior, Sala de Mayagüez, al no considerar en la totalidad de las circunstancias y las múltiples contradicciones del testimonio del Roberto Ramos Pérez en cuanto a la descripción del arma. ”

Incidió el Tribunal Superior Sala de Mayagüez al encontrar culpable y convicto al acusado al no probarse más allá de duda razonable la culpabilidad del acusado.
II
El Artículo 4 de la Ley de Armas, 25 L.P.R.A. see. 414, dispone lo siguiente:

"Toda persona que posea, porte o conduzca cualquier arma de las comúnmente conocidas como blackjacks, cachiporras, manoplas o estrellas de ninja; toda persona que porte o conduzca cualquier arma de las conocidas como cuchillo, puñal, daga, espada, honda, bastón de estoque, arpón, faca, estilete, punzón o cualquier instrumento similar, y excepto cuando se portaren o condujeren en ocasión de su uso como instrumentos propios de un arte, deporte, profesión, ocupación u oficio, e incluyendo además las hojas de navajas de afeitar de seguridad, garrotes, agujas hipodérmicas, jeringuillas con agujas; o instrumentos similares, cuando éstos se sacaren, mostraren o usaren en la comisión de un delito público o en la tentativa de cometerlo; y toda persona que usare contra otra cualesquiera de las armas nombradas anteriormente en esta sección, será culpable de delito menos grave, y si ha sido convicta previamente de cualquier infracción a este capítulo o de cualquiera de los delitos especificados en la see. 427de este título, será culpable de delito grave (felony)."

*557 Las Reglas de Evidencia de Puerto Rico aplicables a todo proceso criminal en las Salas del Tribunal General de Justicia establecen cuatro medios de prueba, a saber:

“a. El conocimiento judicial

b. Evidencia testifical

c. La evidencia documental

d. La evidencia real, científica o demostrativa” 

El apelante alega, como primer error, que el tribunal no debió admitir como prueba la descripción del cuchillo a través del testimonio del agente Hernández. Entiende el apelante que la supresión del cuchillo le impide al Ministerio Público presentar otra prueba distinta para establecer el hecho en controversia. Cabe señalar que la supresión de la evidencia real (el cuchillo) se debió al incumplimiento con lo dispuesto en la Regla 95 de Procedimiento Criminal, 34 L.P.R.A. Ap.II, por parte del Ministerio Público.
Sin embargo, el agente Hernández declaró por propio y personal conocimiento, sobre la admisión que hizo el acusado a los efectos de que éste portaba un cuchillo y que lo usó durante la discusión con el pequdicado. Más aún, el Agente Hernández vio el cuchillo y lo ocupó legalmente durante la investigación.
Por otro lado, el testimonio del pequdicado, Sr. Roberto Ramos, quien fue testigo presencial del hecho delictivo cometido por el apelante es suficiente para que se admita toda referencia a la descripción del cuchillo.
En lo relativo a infracciones a la Ley de Armas, el Tribunal Supremo de Puerto Rico ha resuelto reiteradamente que la presentación del arma en evidencia no es indispensable en casos de esta naturaleza, si existen otros elementos o circunstancias que demuestran que el acusado la portaba. Pueblo v. Torres Nieves, 105 D.P.R. 340, (1976); Pueblo v. Acabá Raíces, 118 D.P.R. 369, (1987). No obstante, "...en procesos por portar armas, cuando ésta no se presenta, por no haber sido ocupada, la prueba del fiscal debe ser clara y convincente."Pueblo v. Toro Asencio, 104 D.P.R. 847, (1976).
Acorde con lo expresado anteriormente, en este tipo de casos un fallo de culpabilidad puede sostenerse si existen otros elementos o circunstancias demostrativas que lleven a la conciencia íntima del juzgador a concluir que el acusado poseía y portaba el arma. Pueblo v. Acabá Raíces, supra. Este enfoque no es incompatible con la norma de que la prueba, en tales casos, debe ser clara y convincente.
La prueba de cargo creída por el juzgador directo de los hechos sostiene satisfactoriamente las convicciones. Los señalamientos de error del apelante no son sobre insuficiencia de la prueba, sino de credibilidad. A pesar de no presentarse el arma en evidencia, el testimonio de los testigos de cargo fue suficiente para establecer los elementos del delito.
El segundo error va dirigido a que la descripción del arma ofrecida por el Sr. Ramos fue una inconsistente. De una lectura de la exposición narrativa y de la oposición a ella, no encontramos tales inconsistencias. No podemos sustituir la apreciación de la prueba testifical injustificadamente.
Es norma reiterada que "un tribunal apelativo no debe revocar una convicción a base de un planteamiento de insuficiencia de prueba, que se reduce a uno de credibilidad de testigos, en ausencia de indicios de prejuicio, parcialidad o error manifiesto". Pueblo v. Hernández Mercado, 126 D.P.R. 427, 446 (1990). En el caso que nos ocupa, no se trata de un caso de insuficiencia de prueba, sino de valorización de ésta. Siendo ello así, el juez de instancia, como juzgador primario, se encuentra en mejor posición para evaluar la fuerza de convicción y de persuación de dicha prueba en su ánimo y conciencia judicial, y es a quien le corresponde hacer esa determinación, la que no será alterada en apelación, según indicado, en ausencia de pasión, prejuicio, parcialidad *558 o error manifiesto. Tampoco surge del análisis integral de la prueba "un ánimo de insatisfacción o intranquilidad de conciencia tal que se estremezca nuestro sentido básico de justicia." Pueblo v. Rodríguez Román, 128 D.P.R. 121, 131 (1991); Pueblo v. Acabá Raíces, 118 D.P.R. 369 (1987); Pueblo v. Cabán Torres, 117, D.P.R. 645, 648 (1986); Pueblo v. Borrero Robles, 113 D.P.R. 387 (1982); Pueblo v. Millán Meléndez, 110 D.P.R. 171 (1980).
En cuanto al tercer error, es necesario que consideremos los principios que nos guían al considerar una apelación que aduce que no se probó la culpabilidad más allá de duda razonable. En Pueblo v. De León Martínez, supra, el Tribunal Supremo los reiteró, como sigue:
“Es principio fundamental de nuestro sistema de derecho que la culpabilidad de un imputado de delito debe ser probada más allá de duda razonable. Pueblo v. Ortiz Morales, 86 D.P.R. 456 (1962); Pueblo v. Carrasquillo, 102 D.P.R. 545 (1974); Pueblo v. Cabán Torres, 117 D.P.R. 645 (1986). Esta máxima es consustancial con el principio de presunción de inocencia y es un elemento del debido proceso de ley. Pueblo v. Cruz Granados, 116 D.P.R. 3 (1984). Para cumplir con este requisito, se requiere que la prueba presentada sea "suficiente en derecho", lo que significa que la evidencia presentada tiene que producir certeza o convicción moral en una conciencia exenta de preocupación o en un ánimo no prevenido. Pueblo v. Carrasquillo, supra; Pueblo v. Rodríguez Román, 128 D.P.R. _ (1991), 91 J.T.S. 26. La insatisfacción con la prueba es lo que se conoce como duda razonable y fundada. Pueblo v. Toro Rosas, 89 D.P.R. 169 (1963); Pueblo v. Cabán Torres, supra. La determinación de que se ha probado la culpabilidad más allá de duda razonable, es revisable en apelación como cuestión de derecho. Pueblo v. Serrano Nieves, 93 D.P.R. 56 (1966); Pueblo v. Pagán Díaz, 111 D.P.R. 608 (1981). Cuando un análisis ponderado de la prueba desfilada ante el foro de instancia nos produce duda razonable y fundada sobre si la culpabilidad del apelante ha quedado establecida más allá de duda razonable, este Tribunal no ha vacilado en dejar sin efecto un fallo condenatorio. Pueblo v. Cabán Torres, supra, pág. 657; Pueblo v. Rivera Lugo y Almodóvar, 121 D.P.R. 454 (1988). ”
En el caso de autos, el tribunal de instancia le dio credibilidad al testimonio de los testigos de fiscalía y probada la conducta descrita en el Artículo 4 de Ley de Armas de Puerto Rico, 25 L.P.R.A. see. 414. Al así hacerlo, no incidió, ya que la evidencia directa de dos testigos, (el perjudicado Sr. Ramos y el Agente Hernández) que merezca entero crédito, es prueba suficiente de cualquier hecho. Regla 10(D) de Evidencia, 32 L.P.R.A. Ap. IV, R. 10 (D); Pueblo v. Chévere Heredia, 139 D.P.R. _ (1995); 95 J.T.S. 115, pág. 35; Pérez v. Acevedo Quiñones, 100 D.P.R. 894 (1972). De ordinario, el tribunal de primera instancia está en mejor posición que un tribunal apelativo para aquilatar la prueba testifical porque pudo observar la manera en que los testigos se expresaron y su comportamiento en la silla testifical. Pueblo v. Chévere Heredia, supra; Pueblo v. Rivera Robles, 121 D.P.R. 858 (1988); Ortiz v. Cruz Pabón, 103 D.P.R. 939, 947 (1975).
Considerando la prueba recibida, concluimos que no incidió el tribunal de primera instancia al determinar que la culpabilidad del apelante quedó establecida más allá de duda razonable y ninguno de los errores fueron cometidos.
ni
Por las consideraciones antes expuestas, confirmamos la sentencia apelada.
Lo acordó el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General
ESCOLIO 2001DTA 4
1. 32 L.P.R.A., Ap. H, Regla 3.
2. 32 L.P.R.A., Ap. II, Regla 38.